PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: <u>Ashley Laron Gooch</u>   Case Number: <u>3:09-00070</u>

Name of Judicial Officer: <u>The Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>November 2, 2009</u>

Original Offense: <u>18 U.S.C. § 2113(a) Bank Robbery</u>

Original Sentence: <u>57 months' custody followed by 2 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>April 18, 2013</u>

Assistant U.S. Attorney: <u>Hal McDonough</u>   Defense Attorney: <u>Mariah Wooten</u>

---

### PETITIONING THE COURT
___ To issue a Summons.
_X_ To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this 24th day of September, 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Abigail Dillingham
U.S. Probation Officer

Place       Nashville, TN

Date        September 23, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

1. **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

   On August 27, 2014, Mr. Gooch moved to 1307 Pecan Court in Murfreesboro, Tennessee. He did not report this change in address until August 29, 2014, at which time Mr. Gooch admitted having moved in with a female friend.

   On September 17, 2014, the U.S. Probation Officer conducted a home contact at offender's last known address. At this time, the offender's cousin and permanent resident indicated that Mr. Gooch had moved out on September 10, 2014. He has not informed the U.S. Probation Office of his new address. Mr. Gooch's whereabouts are unknown.

2. **The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court.**

   On September 8, 2014, Mr. Gooch tested positive for marijuana. He denied use of illegal drugs, but the urine sample was confirmed by the testing lab.

   Following the positive drug test, on September 8, 2014, Mr. Gooch was enrolled in a random drug testing program. He failed to report for a drug test on September 19, 2014.

3. **The defendant shall report to the probation officer and shall submit a truthful and complete report within the first five days of each month.**

   The offender violated this condition in that he failed to submit supervision reports for July and August 2014.

4. **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

   Mr. Gooch was instructed to report to the probation office on September 5, 2014. However, the offender called that day and reported he could not report due to work. Mr. Gooch was rescheduled for September 8, 2014, and instructed to provide proof of his new employment. He reported, but failed to produce proof of working on September 5, 2014.

5. **The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**

   On August 29, 2014, U.S. Probation Officer Eric Illarmo observed Mr. Gooch in the lobby of the Rutherford County Detention Center. Mr. Gooch reported that he was visiting a friend, Pierre Martin. Mr. Martin has a 2010 felony conviction for robbery in Rutherford County, Tennessee. Ashley Gooch did not have permission to associate with Pierre Martin or visit him at the jail.

6. **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by law enforcement.**

   On September 12, 2014, Mr. Gooch was pulled over for a traffic stop by Murfreesboro Police Department and a traffic warning was issued. The offender failed to report this law enforcement contact to the U.S. Probation Office.

7. **The defendant shall pay restitution in the amount of $3,251 in equal monthly installments of 10% of the defendant's income until paid, to commence 60 days after the date of the judgment.**

   Mr. Gooch has failed to make a payment towards his restitution since July 15, 2013.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Ashley Gooch began his term of supervised release on April 18, 2013, and is scheduled to complete his term on April 17, 2015. He is reportedly employed by Afeea Staffing, but the probation officer has been unable to verify his employment. Following his positive drug test on September 8, 2014, Mr. Gooch was placed in a random drug testing program.

On December 18, 2013, a petition was filed alleging Mr. Gooch had violated his terms of supervised release by committing another local crime, leaving the judicial district without permission, failing to submit a truthful and complete report within the first five days of each month, failing to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, failing to work regularly, failing to notify his officer at least 10 days prior to any change in residence or employment, and associating with any person convicted of a felony. On February 21, 2014, it was ordered that as a condition of supervised release, the offender be placed in a residential reentry center for a period not to exceed seven months, which shall be reduced by the time that the offender was incarcerated. Supervised release was ordered to resume after his completion at the RRC and shall conclude on April 17, 2015. Additionally, Mr. Gooch was Court ordered to be allowed to associate with Amanda Howard.

**Update of Offender Characteristics:**
At this time, Mr. Gooch is not reporting to the probation office, and his whereabouts and status are unknown.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a warrant be issued for Mr. Ashley Gooch so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to a representative of the U.S. Attorney's office who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ASHLEY LARON GOOCH, CASE NO. 3:09-00070

**GRADE OF VIOLATION:**　　　C
**CRIMINAL HISTORY:**　　　　V

**ORIGINAL OFFENSE DATE:**　　POST APRIL 30, 2003　　PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 7-13 months *U.S.S.G. §7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. §5D1.2(a)(2)* | No recommendation |

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted

*Abigail Dillingham*
Abigail Dillingham
U.S. Probation Officer

Approved:

_____
Britton Shelton
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant <u>Ashley Laron Gooch</u>

2. Docket Number (Year-Sequence-Defendant No.) <u>3:10-00070</u>

3. District/Office <u>Middle District of Tennessee</u>

4. Original Sentence Date <u>November 2, 2009</u>
   month day year

(if different than above):
5. Original District/Office <u>Same as above</u>

6. Original Docket Number (Year-Sequence-Defendant No.) <u>Same as above</u>

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to Notify the Probation Officer of Change of Address | C |
| Failure to Refrain from Use of Controlled Substance | C |
| Failure to Report to the Probation Officer | C |
| Failure to Follow Instructions of the Probation Officer | C |
| Associating with a Convicted Felon | C |
| Failure to Notify the Probation Officer of Law Enforcement Contact | C |
| Failure to Pay Restitution | C |

8. Most Serious Grade of Violation (see §7B1.1(b))  |  C

9. Criminal History Category (see §7B1.4(a))  |  V

10. Range of Imprisonment (see §7B1.4(a))  |  7-13 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

■  (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. § 7B1.3(f)

12. Unsatisfied Conditions of Original Sentence

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

    | | |
    |---|---|
    | Restitution($): $2,694.20 | Community Confinement: 0 |
    | SA($): 0 | Home Detention: 0 |
    | Other: 0 | Intermittent Confinement: 0 |

13. Supervised Release

    If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (<u>see</u> §§7B1.3(g)(1)).

    Term: _____

    The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

    Period of supervised release to be served following release from imprisonment:_____

14. Departure

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:


15. Official Detention Adjustment (<u>see</u> §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennyslvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90